PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO IRIZARRY, Defendant and Appellant.

No. 4231. Argued February 11, 1931.—Decided July 22, 1931.

*R. Martínez Nadal* and *Colberg & Barceló Jr.* for appellant. *R. A. Gómez* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Pedro A. Irizarry was charged with an attempt to commit murder. Taken from the brief of the *Fiscal* of this Court the following is a substantially accurate account of the testimony given at the trial:

"A summing up of the evidence of the government shows that on the 24th of January, 1930, two or three minutes before 6 P.M., at a moment when the shop belonging to Swiggett Brothers at the corner of Allen and San Justo Streets was about to close, a man, Teodoro Rodríguez, apparently drunk, entered therein to ask for alms, and as the shop was about to close, he was told that nothing could be given him, and as the said person did not wish to leave the shop, the head of it, Mr. Swiggett, ordered his clerk, Antonio Reyes, to

put him out; that, in performance of this order the clerk Antonio Reyes put him out of the shop by way of the door on San Justo Street. There is a certain amount of conflict in the evidence with regard to the form in which the man was expelled from the shop, for while some witnesses say that he was led out, others say that Reyes gave him some shoves and expelled him. That Rodríguez went out and sat down on the sidewalk in front of the shop on the other side of the street; that about five minutes after this had occurred, the defendant presented himself at the door of the shop on San Justo Street, knocking forcibly; that a clerk opened the door for him and the defendant came into the shop asking in an angry fashion: 'Who is the one who has committed this outrage?'; that then the owner of the shop, pointing to Antonio Reyes, who was alongside, said to the defendant: 'This is the man who put him out'; that immediately the defendant turned upon Antonio Reyes, seizing him and trying to shove him out of the shop; that Mr. Swiggett said to the defendant not to push him, but that he, Mr. Swiggett would go with him to the headquarters; that when Mr. Swiggett so intervened the defendant raised his club and was about to give a blow which Mr. Swiggett stopped with his hand; that in this moment Mr. Federico Delgado, a clerk of the shop, stepped up saying repeatedly to the defendant not to attack anybody, that there was no necessity therefor, inasmuch as everybody was disposed to submit to arrest if necessary, and as the defendant turned upon him with a violent gesture, the latter seized hold of the club and took it away from the policeman, the said club remaining in the hands of Federico Delgado; that immediately the defendant pulled his revolver from his pocket and pointed it; that in this moment Swiggett ordered Federico Delgado to return the club to the defendant, which the former did; whereupon the defendant struck Federico Delgado with his hand, which caused a struggle between Delgado and the defendant, and in the struggle the defendant again took out his revolver and when Delgado tried to prevent him from shooting it off, the defendant asked Delgado to release him; that he was not going to fire, whereat Delgado, yielding to this overture, released him, and then the defendant immediately shot at Delgado, inflicting a wound in the stomach with intestinal perforations, a wound which put the life of the said Federico Delgado in danger.

''Said evidence of the prosecution showed that the defendant did not see what happened between Teodoro Rodríguez and Antonio Reyes when the latter put the former out of the shop. The evidence also showed that Teodoro Rodríguez complained to the defendant.

"The evidence of the defense, summed up, tended to show that the defendant, who was acting as a traffic policeman at the corner of Allen and San Justo streets, saw what happened between Teodoro Rodríguez and Antonio Reyes, and that the latter gave the former some kicks on expelling him from the shop; that he entered the shop to arrest Antonio Reyes and that everybody offered resistance and attacked him; that they took his club away from him and struck him with it and that in the struggle which the defendant had with Federico Delgado a shot was fired which wounded the said Federico Delgado, the defendant saying in his testimony before the court that he did not know who fired the shot."

The trial was by the court, who found the defendant guilty and sentenced him to six months in jail. The first assignment of error is that the court committed error in deciding that the measures (*actitud*) adopted by the defendant were not justified in accordance with the law and the jurisprudence. The theory of the appellant necessarily is that Pedro Irizarry, a policeman, was justified in doing what he did in the shop of Swiggett Brothers. This defense would of course depend upon the facts. The evidence tended strongly to show that the policeman did not see Antonio Reyes when the latter ejected Teodoro Rodríguez from the shop. Hence, Pedro Irizarry, a policeman in uniform though he was, had no right to enter the shop of Swiggett Brothers to make an arrest without a warrant. Section 116 of the Code of Criminal Procedure provides:

"A peace officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person:

"1. For a public offense committed or attempted in his presence; . . . ."

The question also arises whether the appellant did in fact see a crime committed, supposing that he was a witness of all the things that Antonio Reyes did in ejecting Teodoro Rodríguez. In other words, the appellant could not have been sure from the facts disclosed that Antonio Reyes had committed a misdemeanor and was not using the necessary force to eject a person who had no right on the premises.

Naturally, even if a policeman has no right to make an arrest, if in attempting to do so he is unduly assaulted, he has a right to defend himself like any other citizen. However, a policeman who enters an establishment to make an arrest without a warrant has no more rights than any other citizen.

It is unnecessary for us to consider greatly the question of whether the appellant saw the commission of a misdemeanor. The jurisprudence of this Court and of other courts is constant that when a policeman makes an arrest he has no right to use undue force. *People* v. *Cruz,* 25 P.R.R. 302; *People* v. *Toro,* 26 P.R.R. 41; 5 C. J. 25, and other cases cited in the brief of the *Fiscal.*

The evidence of the prosecution tended to show that the denizens of the Swiggett shop, and particularly Federico Delgado, attempted to prevent the policeman from using undue force; that they protested that they were ready to submit to arrest. The evidence also tended to prove that the policeman, hot and excited, would listen to nothing, and when Federico Delgado tried to prevent him from using his club he took out his pistol and shot Federico Delgado. From the evidence which the court had a right to believe, the defendant had no right to shoot Federico Delgado and was not acting in self-defense.

The second assignment of error sets up that the court erred in weighing the evidence. As we have already indicated, the court was justified in believing that Pedro Irizarry did not see any crime committed and did not see the ejection of Teodoro Rodríguez, but based his action solely on the complaint made by Teodoro Rodríguez to him. The court likewise had a right to believe that the appellant, without any justification therefor, shot and injured Federico Delgado. Under the circumstances of the testimony before the court, the court was justified in believing that Pedro Irizarry on the witness stand did not tell the truth. For example, he testified that he did not shoot off the pistol but

that the pistol was accidentally discharged in the struggle between Federico Delgado and himself when in fact he had stated that he was compelled to use his revolver. He gave other testimony totally in contradiction with the other testimony given by the witnesses of the government, some of them not belonging to the Swiggett establishment. It is curious to note that at the outset of his brief the appellant says that it is unnecessary to invoke the principle of the Code of Criminal Procedure which gives the policeman a right to enter with force inasmuch as when he asked for a right to enter, the door was opened for him personally by Mr. Swiggett. On the witness stand the policeman testified that he had to force his way in the partially open door.

We find no error, and the judgment should be affirmed.